**DAI KUO YUNG, Su Wen Ke, Petitioners,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 06–2458–ag.

United States Court of Appeals, Second Circuit.

Feb. 1, 2007.

Theodore N. Cox, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, David V. Bernal, Assistant Director, Anthony P. Nicastro, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. THOMAS J. MESKILL, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioners Dai Kuo Yung and Su Wen Ke, natives and citizens of China, seek review of a April 24, 2006 order of the BIA denying the Petitioners' motion to reconsider the BIA's March 12, 2002 decision, which denied as untimely their appeal of the August 1, 2001 decision of Immigration Judge ("IJ") Sandy Hom, denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dai Kuo Yung*, No. A 72 461 678 (B.I.A. April 24, 2006). The motion to reconsider, based upon ineffective assistance of counsel, was previously denied by the BIA in an April 8, 2003 order that found lack of prejudice, but that order was vacated by stipulation between the parties, who asked that the BIA issue a new decision for reasons not relevant to our decision.

The BIA's denial of a motion to reopen or reconsider is reviewed for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The BIA held that even if the petitioners' counsel was ineffective in filing a late appeal, they suffered no prejudice because their appeal lacked merit. The BIA agreed with the IJ's conclusion that Ke and Yung did not suffer past persecution in China, but the BIA did not adopt the IJ's adverse credibility finding: Instead, the BIA assumed that Ke and Yung testi-

fied credibly and affirmed on the alternative basis that, taking all of the Petitioners' testimony as true, they had failed as a matter of law to establish that they suffered treatment severe enough to constitute past persecution. The BIA also concluded that the petitioners failed to show a sufficient possibility of future persecution.

Aspects of the BIA's past persecution discussion are highly problematic. While assuming that the Petitioners' testimony was credibile, the BIA's analysis either omits or mischaracterizes significant features of their testimony. First, Ke testified that her husband Yung was "beaten up" and "kicked" by groups of cadres on two occasions when he resisted the cadres' attempts to seize Ke and force her to submit to an abortion. The BIA summarily characterizes both incidents as mere "confrontations" in which the husband "fought" with the cadres; although these words do appear in the petitioners' testimony, the overall testimony describes beatings administered at the hands of multiple assailants. Second, the petitioners testified that the government subjected them to economic deprivation when the government "seized everything in [the petitioners'] home," confiscating wares the petitioners were selling for their livelihood. After this, the petitioners were unable to obtain employment because they were shunned by the community. The BIA opinion ignored this testimony.

Where the BIA ignores significant evidence of past persecution, such an error can constitute a "fatal flaw" that prevents this Court from being able to determine whether the decision was supported by substantial evidence on the record. *See Chen v. INS,* 359 F.3d 121, 128 (2d Cir. 2004). Although this is a petition from the BIA's decision on a motion to reconsider and not a direct appeal, a "fatal flaw"

exists that can be fairly termed an abuse of discretion.

The BIA's discussion also appears to assume that the petitioners could not have suffered past persecution because they did not allege that they were detained or that they suffered serious physical harm. Neither this Circuit nor the BIA has ever announced a requirement that petitioners claiming past persecution must allege either detention or serious physical harm. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 342 (2d Cir.2006) (stating that any evidence of "physical abuse and violence at the hands of government agents .... if credible, may preclude a finding that the conduct is mere harassment that does not as a matter of law rise to the level of persecution, for *violent conduct generally goes beyond the mere annoyance and distress that characterize harassment."*) (emphasis added); *Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 67 (2d Cir.2002) ("the deliberate imposition of a substantial economic disadvantage" can constitute persecution). In the absence of an explicit precedential decision from the BIA on this point, it would not be in keeping with our precedents to affirm conclusory reasoning that implicitly rests on an unannounced *per se* standard.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings consistent with this opinion. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with