**DAI KUO YUNG, Su Wen Ke, Petitioners,**

v.

**Eric H. HOLDER, Jr.,[1] United States Attorney General, Respondent.**

**Nos. 07–4581–ag (L), 08–3111–ag (Con).**

United States Court of Appeals, Second Circuit.

April 29, 2009.

deny Petitioner's motion to supplement the record as moot.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Theodore N. Cox, New York, NY, for Petitioners.

Gregory G. Katsas, Assistant Attorney General; Leslie McKay, Assistant Director; Jessica Segall, Trial Attorney, Civ-il Division, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioners Dai Kuo Yung and Su Wen Ke, natives and citizens of the People's Republic of China, seek review of the September 27, 2007 order of the BIA denying their motion to reconsider. *In re Dai Kuo Yung, Su Wen Ke,* No. A72 461 677/8 (B.I.A. Sep. 27, 2007).[2] We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion reconsider for abuse of discretion. *See Zhong Guang Sun v. U.S. Department of Justice,* 421 F.3d 105, 106 (2d Cir.2005). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

**2.** In docket number 08–3111–ag (Con), Petitioners sought review of the BIA's June 5, 2008 order denying their motion to reopen. However, in their brief they explicitly waive any challenge to that order. Accordingly, we only address their challenge the BIA's September 27, 2007 denial of their motion to reconsider.

The procedural history of this case is complex. Ultimately, however, Petitioners seek review of the denial of their motion to reconsider in which they alleged that their attorney was ineffective because he had failed to timely file an appeal of the IJ's denial of their asylum application. The BIA held that any ineffective assistance did not merit relief because the Petitioners had failed to demonstrate prejudice. In order to prevail on a claim of ineffective assistance of counsel, the alien must show that competent counsel would have acted otherwise, and that he or she was prejudiced by counsel's performance. *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir.1994); *Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993). To demonstrate that an "attorney's failure to file caused [a petitioner] actual prejudice, he must make a prima facie showing that he would have been eligible for the relief and that he could have made a strong showing in support of his application." *Rabiu*, 41 F.3d at 882. Here, the BIA found that petitioners had not been prejudiced by their attorney's untimely filing of their appeal of the IJ's denial of their application for asylum because they had not established past persecution or a well-founded fear of future persecution.

▮ In our last decision in this case, we remanded to afford the BIA an opportunity to explain its past persecution analysis. *See Dai Kuo Yung v. BCIS*, 216 Fed.Appx. 30, 31–32 (2d Cir.2007) (Summary Order). We now find that the BIA properly determined that Petitioners' claims of past abuse were not severe enough to rise to the level of persecution.[3] *See Ivanishvili v. U.S. Dep't*, 433 F.3d 332, 342 (2d Cir. 2006). The BIA properly weighed in the context in which they occurred, the unfulfilled threats of forced abortion, minor beatings, job loss, and loss of property Petitioners described. The BIA's conclusion that they were insufficient to constitute persecution was not clearly erroneous. *See Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir.2006).

We also find no error in the BIA's conclusion that Petitioners failed to demonstrate a well-founded fear of persecution in China on account of their U.S.-born children. While Petitioners argue that the BIA failed to adequately analyze the evidence they presented, that argument is belied by the record. In its decision, the BIA correctly identified all of the documents in the record, and noted that it had considered all of that evidence in *Matter of J–H–S–*, 24 I. & N. Dec. 196 (BIA 2007), *Matter of J–W–S–*, 24 I. & N. Dec. 185 (BIA 2007), and *Matter of S–Y–G–*, 24 I. & N. Dec. 247 (BIA 2007). We recently

---

**3.** We find no merit in Petitioners' argument that the BIA applied too stringent a standard, requiring that they show eligibility for asylum rather than a "realistic chance" of demonstrating such eligibility. They simultaneously argue that they were prejudiced by their inability to have their appeal heard by the BIA, and that the BIA applied too stringent a standard when it essentially reviewed their appeal on the merits. Were that interpretation of the law correct, Petitioners would have the BIA apply a lower standard in considering their motion to reconsider, and then apply a heightened standard once the case was reopened. Neither the statutory scheme, nor precedent, nor public policy support such a result. *See INS v. Abudu*, 485 U.S. 94, 110,

108 S.Ct. 904, 99 L.Ed.2d 90 (1988) ("There is a strong public interest in bringing litigation to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to develop and present their respective cases."); *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) ("Motions for reopening of immigration proceedings are disfavored for the same reasons as are petitions for rehearing and motions for a new trial on the basis of newly discovered evidence. This is especially true in a deportation proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States.") (citation omitted).

found no error in the BIA's analysis of these cases. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142–44 (2d Cir.2008). Petitioners in this case rely on the same evidence we discussed in *Jian Hui Shao*, and advance no argument that would compel us to reach a different conclusion in this case. *See id.*; *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 273–274 (2d Cir.2006).

Because the BIA's finding that Petitioners failed to establish past persecution or a well-founded fear of future persecution was supported by substantial evidence, the BIA properly found that they were not prejudiced by their attorney's untimely filing of their appeal. *Rabiu*, 41 F.3d at 882. Accordingly, it was not an abuse of discretion for the BIA to deny the Petitioners' motion to reconsider. *Ke Zhen Zhao*, 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED.